INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DIST. NO. 10, Plaintiff–Appellant,

v.

WAUKESHA ENGINE DIVISION, DRESSER INDUSTRIES, INC., Defendant–Appellee.

No. 93–2569.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 11, 1994.

Decided Feb. 17, 1994.

Matthew R. Robbins (argued), Renata Krawczyk, Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, Milwaukee, WI, for plaintiff-appellant.

Charles P. Stevens, Lindner & Marsack, Milwaukee, WI (argued), for defendant-appellee.

Before BAUER, ESCHBACH, and ROVNER, Circuit Judges.

ESCHBACH, Circuit Judge.

On behalf of one its members, the International Association of Machinists ("IAM") filed a complaint with the Wisconsin Employment Relations Board ("WERB") against Waukesha Engine Division, Dresser Industries ("Waukesha") to compel arbitration over a grievance arising under their Collective Bargaining Agreement ("CBA"). After removal to federal court pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and 28 U.S.C. § 1441, the district court dismissed IAM's complaint on the ground that the dispute between IAM and Waukesha was not subject to arbitration as provided in the CBA. We agree and affirm the district court's dismissal of IAM's complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291.

James Schmoller is an employee of Waukesha and a member of IAM. At all relevant times, both he and his wife Judy were participants in Waukesha's Group Benefits Plan (the "Plan"), which includes medical benefits. The CBA expressly incorporates the Plan, which is self-funded by Waukesha. Aetna Life Insurance Company ("Aetna"), not a party to this lawsuit or to the CBA, is the Plan's Benefits Administrator. As the Benefits Administrator, among other things, Aetna evaluates the medical necessity of participants' requests for certain medical treatment, including hospital stays. During the period in which she was covered under the Plan, Judy Schmoller became ill and requested precertification under the Plan for a 14–day hospital stay. Aetna granted this request as well as Ms. Schmoller's later request for seven more days. Mrs. Schmoller then requested precertification for 14 additional days. Aetna denied this last request, concluding that hospitalization was not "medically necessary" because the care she required could be provided on an out-patient basis. Notwithstanding Aetna's denial of her request, Mrs. Schmoller stayed in the hospital approximately two-and-a-half more weeks, incurring additional charges for which the Plan refused reimbursement.

James Schmoller then sent Aetna a letter, requesting that it review its decision to deny his wife precertification. While Aetna considered his request, Mr. Schmoller also filed a grievance with Waukesha pursuant to the CBA's grievance procedure. Both his request for review and his grievance were denied, as were his subsequent appeals to both Aetna and Waukesha. On behalf of Mr. Schmoller, IAM informed Waukesha that it intended to bring Mr. Schmoller's grievance to arbitration. Waukesha responded that IAM's claim was not arbitrable. As a result, IAM filed a complaint with the Wisconsin Employee Relations Board seeking to compel

arbitration. After removal from WERB, the district court dismissed IAM's complaint. IAM appeals.

 While we are mindful of the general rule that doubts about arbitrability in a labor agreement should be resolved in favor of arbitration, *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986), we also recognize that we may compel arbitration only over those issues the parties have agreed by contract to arbitrate. *Id.; see also United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (collectively *"the Steelworkers Trilogy"*). In this case, the language of the CBA and the Plan reveals that Waukesha and IAM did not intend to subject determinations of medical necessity to arbitration.

 The CBA's arbitration provision states:

The authority of the arbitrator shall be limited to the construction and application of the *terms of this Agreement,* as applied to the specific grievance presented for arbitration.

(Emphasis supplied.) The only language in the Collective Bargaining Agreement relating to medical claims is:

The Company will continue to provide the present employee insurance coverage as amended, for the term of this Agreement, *as specified in the Summary Plan Booklet.*

(Emphasis supplied.) Finally, the relevant provisions in the Summary Plan Booklet state:

No Medical expense benefits are provided under the plan for the following: ...

4. Charges for services and supplies that are not medically necessary, *as determined by Aetna,* for the diagnosis, care or treatment of the physical or mental condition involved, even if they are prescribed, recommended or approved by the attending physician or dentist.

(Emphasis supplied.)

The Summary Plan Booklet, in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1133, also provides that if Aetna denies a Plan participant's request for benefits, the participant may appeal to Aetna for review of its determination, as Mr. Schmoller did here. Furthermore, the Plan provides that a participant whose request for benefits is denied may also file suit in federal or state court. Therefore, the issue is not whether the Schmollers may seek review of Aetna's determination of medical necessity. The Plan gives them the right to seek review of Aetna's decision in federal or state court. The issue is whether IAM, on behalf of the Schmollers, may also utilize the less expensive alternative of arbitration in reviewing Aetna's denial. However, the fact that the Plan expressly provides for an alternative review procedure indicates that the parties did not intend to arbitrate disputes concerning the denial of benefits.

Although IAM challenges only Aetna's determination of medical necessity, it argues that Aetna's denial of Ms. Schmoller's claim was tantamount to a denial of coverage. According to IAM, Aetna's refusal to precertify Mrs. Schmoller's hospital stay violates Waukesha's obligation to "continue to provide the present employee insurance coverage" as provided in the CBA. We disagree. At all relevant times, Judy Schmoller was eligible for and received coverage under the Plan.[1] Aetna simply denied one of Mrs. Schmoller's specific requests for precertification, as it is authorized by contract to do.

---

1. In our earlier decision, *Local 232, Allied Industrial Workers v. Briggs & Stratton Corp.,* 837 F.2d 782 (7th Cir.1988), Briggs & Stratton changed *terms* of its retirement plan, which we found violated the clause in the parties' collective bargaining agreement which stated that "the existing Retirement Plan as amended by this agreement will be maintained during the term of this agreement." *Id.* at 784. Here there was no change in the terms of the Benefits Plan, and therefore no failure by Waukesha to maintain the Benefits Plan as provided in the CBA.

Therefore, we cannot find that the parties' dispute concerning Aetna's refusal to precertify Mrs. Schmoller implicates any terms of the CBA. Consequently, the dispute between IAM and Waukesha is not subject to arbitration.

IAM contends that the D.C. Circuit Court of Appeals' decision in *Air Line Pilots Ass'n, Int'l v. Delta Air Lines, Inc.*, 863 F.2d 87 (D.C.Cir.1988), *cert. denied*, 493 U.S. 821, 110 S.Ct. 79, 107 L.Ed.2d 45 (1989), should govern this appeal. In *ALPA*, however, the dispute concerned the interpretation of the definition of "disabled," which appeared both in the Pilots Disability Plan *and* in the parties' collective bargaining agreement. The collective bargaining agreement between Delta and ALPA "literally incorporated the terms relating to disability benefits." *Id.* at 95. Here, "medically necessary" is defined only in the Benefits Plan, which explicitly vests authority to determine medical necessity with Aetna. There is no mention whatsoever of "medically necessary" in the collective bargaining agreement between AIM and Waukesha, nor is there any other indication that the parties intended that term to be a part of their collective bargaining agreement subject to arbitration. Moreover, in *ALPA* the dispute concerned the overall eligibility of a pilot for disability benefits, whereas here the dispute concerns one specific claim by an eligible plan beneficiary. In sum, unlike *ALPA* in which the parties clearly bargained over the definition of "disability" and obviously intended their negotiations concerning disability *coverage* to be part of the collective bargaining agreement and therefore subject to arbitration, here that indication is absent. *See also Printing Specialties & Paper Prods. Union Local 680 v. Nabisco Brands*, 833 F.2d 102, 105 (7th Cir.1987). Therefore, we do not find *ALPA* controlling.

Because this dispute does not implicate Waukesha's obligation to provide insurance *coverage* as provided in the CBA, it does not fall within the CBA's arbitration clause which provides that the arbitrator's authority is "limited to the construction and application of the terms of [the CBA]." Therefore, we agree with the district court that this dispute is not arbitrable and AFFIRM the district court's dismissal.

AFFIRMED.