*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0337p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

TEAMSTERS LOCAL UNION NO. 783,
                *Plaintiff-Appellant,*

    *v.*

ANHEUSER-BUSCH, INC.,
                *Defendant-Appellee.*

No. 09-6065

————————————

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 07-00650—Charles R. Simpson III, District Judge.

Argued: June 18, 2010

Decided and Filed: November 1, 2010

Before: NORRIS, MOORE, and McKEAGUE, Circuit Judges.

————————————

## COUNSEL

**ARGUED:** Thomas J. Schulz, PRIDDY, CUTLER, MILLER & MEADE PLLC, Louisville, Kentucky, for Appellant. Raymond C. Haley III, DINSMORE & SHOHL, LLP, Louisville, Kentucky, for Appellee. **ON BRIEF:** Thomas J. Schulz, Scott M. Miller, PRIDDY, CUTLER, MILLER & MEADE PLLC, Louisville, Kentucky, for Appellant. Raymond C. Haley III, Loren T. Prizant, DINSMORE & SHOHL, LLP, Louisville, Kentucky, for Appellee.

McKEAGUE, J., delivered the opinion of the court, in which NORRIS, J., joined. MOORE, J. (p. 12), delivered a separate opinion concurring in part and dissenting in part.

————————————

## OPINION

————————————

McKEAGUE, Circuit Judge. Teamsters Local Union No. 783 ("Local 783") filed suit against Anheuser-Busch seeking to compel Anheuser-Busch to arbitrate a

1

"grievance over Section 11 of the collective bargaining agreement and its effect on pension rights and benefits." The parties filed cross-motions for summary judgment. Local 783 argued that the grievance arose under the collective bargaining agreement and therefore should be subject to arbitration, while Anheuser-Busch asserted that (1) Local 783's complaint was time-barred and (2) that the grievance was expressly excluded from the parties' arbitration agreement. Local 783 now appeals the district court's grant of summary judgment in favor of Anheuser-Busch. Although we find that Local 783's claim is not time-barred because Anheuser-Busch failed to unequivocally refuse to arbitrate, we **AFFIRM** the decision of the district court and find that Local 783's complaint is not subject to arbitration to the extent that the complaint seeks to determine claimant Jerry T. Vincent's pension rights and benefits.

## I. Background

The material facts of this matter are not in dispute. The relationship between Local 783 and Anheuser-Busch was governed by a Collective Bargaining Agreement ("CBA"). Section 21 of the CBA authorizes all grievances "arising under or relating to the interpretation of" the CBA to be subject to arbitration, provided that "a mutually satisfactory adjustment is not arrived at" between the Union agent and the employer's representative. The CBA also governs union activity, and states in Section 11(b) that "[w]hen a member of the Union leaves the Employer to take full time employment with the Local Union, he shall after the completion of such employment with the Local Union return to his former position and his seniority shall continue uninterrupted."

Although the CBA governs a variety of employee benefits, it does not cover the employees' pension plan. Instead, the CBA explains in Section 24 that a qualified pension plan would be provided by Anheuser-Busch and would be covered by a separate document, which was entitled "Retirement Plan for Certain Hourly Employees of Anheuser-Busch, Inc." ("Pension Plan"). The Pension Plan not only details the administration of pension benefits, but also establishes an alternate mechanism for resolving grievances related to pension rights. Section 14.3 of the Pension Plan provides a comprehensive procedure by which claims of eligibility for participation in the Pension

Plan or receipt of benefits are to be submitted to and resolved first by the plan director and, in the event of a denial, by an appeals committee. The section also states that the director and the appeals committee both have "full and exclusive authority and discretion to apply, interpret and construe the provisions of the Plan . . . ."

Jerry T. Vincent had been an employee of Anheuser-Busch for many years before leaving his employment with the company to serve as an elected official of Local 783. After serving an uninterrupted period of employment with Local 783, Vincent returned to employment with Anheuser-Busch for one day, was paid for five weeks of vacation, and voluntarily terminated his employment the next day. During his last few months of employment with Local 783, Vincent had initiated the process to obtain his retirement benefits, seeking "full entitlement of benefits" upon notice of retirement. He asserted that his return to Anheuser-Busch following his term with Local 783 "restored [his] full seniority rights under the collective bargaining agreement."

After his claim was denied, Vincent filed an appeal with the appeals committee, which also was unsuccessful. Vincent then filed a written grievance alleging that Anheuser-Busch violated his rights "under Section 11 of its current collective bargaining agreement with Local 783, IBT by refusing to permit [him] uninterrupted seniority for all purposes, including pension." After an unsuccessful meeting with a Local 783 official and the local director of operations to resolve the matter, an arbitrator was selected to hear and decide Vincent's grievance. However, following review of the file, Anheuser-Busch's attorney sent a letter to Local 783 asserting that to the extent Vincent's grievance raised a claim for pension benefits, the grievance was "not arbitrable under the labor contract because pension eligibility and benefits are controlled by the terms of the separate Pension Plan and, therefore, is subject exclusively to the claims procedures established in the Pension Plan." In a series of letters following this communication, Anheuser-Busch's attorney sought clarification of the exact nature of Vincent's grievance and informed Local 783 that Anheuser-Busch did not agree to submit any question related to Vincent's pension benefits to the arbitrator. Counsel also informed the union that if it planned to pursue the pension claim in arbitration, it would

need to file a claim in federal court to compel arbitration of the pension claims. The parties then agreed to suspend the planned hearing before the arbitrator.

A few months later, counsel for Local 783 sent a letter to counsel for Anheuser-Busch that it was "prepared to arbitrate [the] matter." Anheuser-Busch's attorney responded, denying arbitrability of any pension claim contained within the grievance and noting that Vincent's pension claims had been conclusively decided by the appeals committee. Local 783 filed the underlying complaint, arguing that Anheuser-Busch's refusal to arbitrate the grievance violated the CBA and seeking to compel Anheuser-Busch to arbitrate. The district court concluded that Vincent's grievance was not arbitrable and granted summary judgment in favor of Anheuser-Busch. Local 783 timely filed this appeal, seeking reversal of the district court's order and entry of an order directing Anheuser-Busch to arbitrate Vincent's grievance.

## II. Analysis

### A. Statute of Limitations

We first address Anheuser-Busch's contention that Local 783's suit is time-barred. Although Anheuser-Busch challenged the timeliness of the complaint filed by Local 783, the district court stated in a footnote only that it "would be disinclined to find the complaint time-barred, especially in light of" the postponement of the planned arbitration hearing. *Teamsters Local Union No. 783 v. Anheuser-Busch, Inc.*, Case No. 3:07-cv-00650-CRS, at *1 n.1 (W.D. Ky. Aug. 13, 2009). The court did not conclusively make a timeliness determination. Rather, the court "presume[d], for the purposes of [its] opinion, that the complaint [was] timely." *Id.* Before we reach the merits of the underlying dispute, we first determine whether the complaint was, in fact, time-barred.

This court has determined that the six-month statute of limitations in Section 10(b) of the National Labor Relations Act "is the most appropriate statute of limitations to be applied in a union suit against a company to compel arbitration . . . ." *McCreedy v. Local Union No. 971, UAW, et al.*, 809 F.2d 1232, 1237 (6th Cir. 1987). That statute

begins to run "when the employer takes an unequivocal position that it will not arbitrate." *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006) (quoting *McCreedy*, 809 F.2d at 1237). "[T]he employer must essentially determine that negotiation or persuasion is not feasible before the statute of limitations will begin to run." *Id.* at 484. A statement that a grievance is not arbitrable, which simultaneously requests additional information, does not amount to an unequivocal position that the employer will not arbitrate. *Id.*

In this case, Local 783 filed the complaint on November 26, 2007. Anheuser-Busch contends that the six-month statute of limitations began to run with a series of letters it sent in February and March of 2007. While all of the letters stated that Anheuser-Busch did not agree to arbitrate issues related to pension benefits, all of the letters also requested that Local 783 clarify the exact nature of its grievance. Further, a March 19 letter from Anheuser-Busch to the arbitrator stated that the parties "agreed to postpone" the arbitration hearing date. Because all of these communications seek additional information, and none indicate a position that Anheuser-Busch believed negotiation or settlement was not feasible, Local 783's claim is not barred by the statute of limitations.

**B. Arbitrability of Grievance**

Although Local 783's suit is not time-barred, we nonetheless find that Local 783's claim is not arbitrable. In deciding whether a particular dispute is arbitrable, the court "begin[s] with the presumption that national labor policy favors arbitration." *United Steelworkers v. Cooper Tire & Rubber Co.*, 474 F.3d 271, 277 (6th Cir. 2007). Under this strong policy favoring arbitration, the court uses four guiding principles:

> 1) a party cannot be forced to arbitrate any dispute that it has not obligated itself by contract to submit to arbitration; 2) unless the parties clearly and unmistakably provide otherwise, whether a collective bargaining agreement creates a duty for the parties to arbitrate a particular grievance is a question for judicial determination; 3) in making this determination, a court is not to consider the merits of the underlying claim; and 4) where the agreement contains an arbitration clause, the court should apply a presumption of arbitrability, resolve any doubts in

favor of arbitration, and should not deny an order to arbitrate unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

*Id.* at 277–78 (citing *AT & T Techs. Inc. v. Commc'ns Workers*, 475 U.S. 643 (1986)). The presumption of arbitrability is particularly applicable in cases involving broad arbitration clauses. *Cummins,* 434 F.3d at 485–86. In such cases, arbitration will be denied only where the parties have expressly excluded the grievance from arbitration. *Id.* at 486.

The arbitration clause in the case at bar provides that "[a]ll other grievances, claims, disputes or controversies arising under or relating to the interpretation of this Agreement . . . may be submitted upon written request of either party . . . to arbitration." This arbitration clause is therefore a broadly written clause, and arbitration should be denied in this case only if the parties have expressly excluded the grievance from arbitration. *See Cummins*, 434 F.3d at 485–86.

Local 783's complaint seeks an order compelling Anheuser-Busch "to arbitrate the Jerry T. Vincent grievance over Section 11 of the collective bargaining agreement and its effect on pension rights and benefits." Section 11(b) of the CBA provides in relevant part that a member of Local 783 who leaves Anheuser-Busch to take a position of full-time employment with Local 783 shall be allowed to "return to his former position and his seniority shall continue uninterrupted." In addition to Section 11, Local 783's complaint also implicates Section 24 of the CBA by specifically seeking a determination of Jerry Vincent's "pension rights and benefits." Section 24 provides that Anheuser-Busch "agrees to provide a qualified Pension Plan (see Pension Plan previously submitted by the Employer). Each employee may obtain a copy of the Summary Plan Description."

In granting summary judgment in favor of Anheuser-Busch, the district court held that "[t]o the extent that Vincent seeks to challenge the administrator's determination of his right to benefits under the applicable pension plan, he has not stated a grievance arising under or relating to the interpretation of the CBA, and therefore has

not presented an arbitrable grievance." *Teamsters Local Union No. 783*, at *6. Additionally, the district court held that Vincent's claim "is not governed by the '05-'10 CBA." *Id.* This second determination appears to be an improper evaluation of the merits of Vincent's claim. *See Cooper Tire & Rubber Co.*, 474 F.3d at 277 (noting that the court should not weigh the merits underlying the claim); *Cummins, Inc.*, 434 F.3d at 486. Nothing in the CBA indicates that the arbitrability of a grievance is limited to employees who took full-time employment with Local 783 during 2005 to 2010. However, we find that the district court's first conclusion—determining that Vincent's grievance for pension rights and benefits is not an arbitrable grievance—is correct.

In its complaint, Local 783 sought a determination of rights under the Pension Plan document as dictated by Section 11 of the CBA, and asserted that Vincent was entitled to arbitrate his grievance in order to make such a determination.[1] However, Vincent's grievance is expressly excluded from the arbitration clause by the Pension Plan document itself. Terms are incorporated by reference into a CBA "where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship." *Int'l Ass'n of Machinists & Aerospace Workers v. ISP Chems., Inc.*, 261 F. App'x 841, 848 (6th Cir. 2008) (quoting *Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 447 (3d Cir. 2007)); *see also United Steelworkers of Am. v. Commonwealth Aluminum Corp.*, 162 F.3d 447, 449 (6th Cir. 1998) (noting that insurance benefits booklets were incorporated by reference into CBA where CBA referred to booklets by name); *Rinard v. Eastern Co.*, 978 F.2d 265, 269 n.3 (6th Cir. 1992) (stating that for terms to be incorporated by reference, *"the reference must be clear and unequivocal*, and must be called to the attention of the other party, he must consent thereto, and the terms of the incorporated document must be known or easily

---

[1]Local 783's complaint was vague, and despite Anheuser-Busch's repeated requests, Local 783 refused to clarify the complaint. On appeal, it still remained unclear whether Local 783 was seeking a determination of rights under the Pension Plan, general rights under Section 11 without reference to any specific pension plan, or some other pension plan rights outside of those dictated by the existing Pension Plan. However, when questioned at oral argument, counsel for Local 783 admitted that the only benefits in dispute were pension rights, and that those rights specifically came from the Pension Plan referenced in Section 24 of the CBA, and no other source.

available to the contracting parties"). Moreover, a grievance is not subject to a broadly worded arbitration clause where the particular grievance has been expressly excluded from the arbitration clause. *Cummins, Inc.*, 434 F.3d at 486.

In its brief to this court, Anheuser-Busch argues that Vincent's grievance is expressly excluded from the arbitration clause because Section 24 of the CBA references the Pension Plan and the Pension Plan explicitly provides an alternate procedural framework for resolving pension disputes. We agree. CBA Section 24 clearly references and identifies the Pension Plan document, and Local 783 has given no indication that it would be surprised or suffer undue hardship by the incorporation. Thus, Section 24 incorporates the Pension Plan by reference into the CBA. *See ISP Chems., Inc.*, 261 F. App'x at 848.

Furthermore, the Pension Plan clearly provides a specific mechanism for resolving all grievances related to pension rights. Specifically, Section 14.3 provides a detailed framework by which an individual can make a claim for pension benefits to the plan director and appeal the denial of a claim to an appeal committee. This same section also states that the appeal committee "shall have full and exclusive authority and discretion to apply, interpret and construe the provisions of the Plan." Further, the Pension Plan provides a mechanism for a claimant to file a lawsuit if the claimant disagrees with the committee's determination, and it also expressly states that the claimant consents to limited judicial review, based on a rational basis standard, over any decision of the appeal committee. Based on these alternative dispute resolution provisions set forth in the Pension Plan, a grievance under Section 11 of the CBA seeking a determination of rights under the Pension Plan would be expressly excluded from the arbitration clause. *See Commonwealth Aluminum Corp.*, 162 F.3d at 451–52.

Local 783 nonetheless argues that the grievance falls within the scope of the arbitration clause because the Pension Plan administrators could not consider how CBA Section 11(b) affected Vincent's pension rights. In other words, Local 783 seems to be arguing that because the Pension Plan administrators could not consider the terms of the CBA, this court should compel Anheuser-Busch to allow an arbitrator to interpret the

terms of the Pension Plan.  Aside from the obvious tension this ruling would create with the express terms of the Pension Plan, the argument also lacks merit.  The Pension Plan states that "[c]ertain benefits described in the Plan reflect provisions agreed to in Collective Bargaining Agreements between certain Participating Employers and applicable Unions."  And numerous provisions within the Pension Plan provide special benefits and programs for members of certain local unions.  Thus, Local 783's complaint that Pension Plan administrators could not consider CBA Section 11 has more to do with its own bargained-for terms under the Pension Plan, and not the arbitrability of its grievance.

Our conclusion that a grievance for rights under the Pension Plan is not arbitrable finds support in the case law of both this circuit and our sister circuits.  *Compare Commonwealth Aluminum*, 162 F.3d at 451–52 (holding that dispute was not subject to arbitration where insurance booklets incorporated by reference into CBA provided for alternate dispute resolution mechanism) *and Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10 v. Waukesha Engine Div., Dresser Indus., Inc.*, 17 F.3d 196, 198–99 (7th Cir. 1994) (holding that dispute over medical benefits was not subject to arbitration where the medical plan provided an alternative review procedure), *with Cooper Tire & Rubber Co.*, 474 F.3d at 279–80 (holding that dispute over side agreement within the scope of the CBA was subject to arbitration where side agreement did not provide for alternative dispute resolution procedure) *and United Steelworkers of Am. v. Mead Corp., Fine Paper Div.*, 21 F.3d 128, 132  (6th Cir. 1994) (holding dispute over retirement plan was subject to arbitration where CBA required company to provide retirement plan and no evidence indicated that grievance was excluded from arbitration).  Thus, any grievance related to Pension Plan rights and benefits is explicitly excluded from arbitration.

In its briefs, Local 783 also argues that its grievance solely involves interpretation of CBA Section 11(b) and, therefore, comes within the scope of the arbitration clause.  It further argues that whether an interpretation of Section 11(b) implicates pension benefits is inconsequential to the issue of arbitrability and that to hold

otherwise would be an improper evaluation on the merits of its grievance. This argument lacks merit for several reasons.

First, Local 783's complaint states that it seeks a determination of Vincent's "pension rights and benefits," which inextricably links the complaint to CBA Section 24 and the Pension Plan. Moreover, the parties have expressly agreed that interpretation of pension rights and benefits under the Pension Plan is exclusively the authority of Pension Plan administrators. Local 783's argument that its grievance only involves interpretation of CBA Section 11(b) reads out the next clause of its complaint, which seeks a determination on pension rights and benefits. Moreover, Local 783's attempt to compel arbitration based on the term "seniority," as it relates to pension rights and benefits, does not change the underlying subject of the grievance: pension rights under the Pension Plan. Arbitrability principles dictate that "a party cannot be forced to arbitrate any dispute that it has not obligated itself by contract to submit to arbitration." *Cooper Tire & Rubber Co.*, 474 F.3d at 277. Anheuser-Busch has not obligated itself to arbitrate disputes over pension rights and benefits, and Local 783's attempt to have us ignore the correct provision of the CBA that provides pension rights—Section 24—does not allow it to compel arbitration. Furthermore, if we agreed with Local 783's logic, a party seeking arbitration could always sidestep exclusions to arbitration clauses simply by claiming that the right it seeks to enforce exists under a portion of the CBA not covered by the exclusion.

Of course, if the complaint sought to arbitrate a grievance over CBA Section 11 and its effect on something other than pension benefits, this grievance would be subject to arbitration. But this is not what the complaint seeks, nor is it what Local 783 argues to this court. Contrary to Local 783's contention, this court would not have to evaluate the merits of its claim to hold that the grievance is excluded from the arbitration clause. Rather, the court would merely be evaluating the nature of the complaint and how it relates to the arbitration clause, which is unquestionably within the purview of the court. *See Cooper Tire & Rubber Co.*, 474 F.3d at 277–78 (stating that the question of arbitrability is one for judicial determination).

Finally, the cases that Local 783 cites do not support its position that its grievance—however it may be construed—is subject to arbitration. Local 783's reliance on *Int'l Union, United Auto. Aerospace and Agric. Implement Workers of Am. v. Federal-Mogul Corp.*, No. 06-CV-15363-DT, 2007 WL 1888802 (E.D. Mich. June 29, 2007), is misplaced because in that case the complaint sought to compel arbitration on the employees' termination status under the CBA and did not make any reference to how the termination status effected benefits, which was covered by a different dispute resolution provision. *Id.* at *1. In this case, Local 783 seeks arbitration over Section 11 of the CBA and "its effect upon pension rights and benefits," which makes it impossible to divorce its grievance from the provisions of the Pension Plan document. Unlike the facts in *Federal-Mogul*, where the arbitration decision *could* impact a determination of benefits, Local 783 is explicitly seeking a determination on pension rights and benefits. Further, none of the other cases relied on by Local 783 involves the situation where a party attempts to arbitrate an issue expressly excluded from the arbitration clause. *See, e.g., Local 589, Int'l Ladies' Garment Workers' Union, AFL-CIO, v. Kellwood Co.*, 592 F.2d 1008, 1012 (8th Cir. 1979) (holding arbitrable dispute over pension benefits where dispute concerned former employees' rights and company's obligations under CBA); *Bressette v. Int'l Talc Co.*, 527 F.2d 211, 215 (2d Cir. 1975) (holding arbitrable a dispute over whether company's termination of business violated the CBA where arbitration clause did not exclude this dispute); *United Steelworkers of Am., AFl-CIO-CLC v. Gen. Steel Indus.*, 499 F.2d 215, 219 (8th Cir. 1974) (holding arbitrable dispute over benefits where benefits plan specifically made eligibility for benefits dependent on term in CBA). Thus, regardless of how the grievance is construed, it is not subject to compelled arbitration.

### III. Conclusion

For the foregoing reasons, we **AFFIRM** the decision of the district court.

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

KAREN NELSON MOORE, Circuit Judge, concurring in part and dissenting in part. I join Part II.A. of the majority opinion, concluding that the statute of limitations does not bar Local 783's claim because Anheuser-Busch did not unequivocally refuse to arbitrate more than six months before Local 783 filed the complaint. I dissent from Part II.B. of the majority opinion regarding the arbitrability of the grievance. Although the majority properly holds that the arbitration clause is "broadly written" and that "arbitration should be denied in this case only if the parties have expressly excluded the grievance from arbitration," the majority incorrectly fails to require arbitration of the grievance concerning the implications of the collective bargaining agreement's provision in Section 11(b) regarding seniority rights. The interrelationship between CBA § 11(b) on seniority rights and the Pension Plan is a matter that comes within the scope of the broad arbitration clause, irrespective of the facts that CBA § 24 references the Pension Plan and that the Pension Plan has its own dispute-resolution mechanism. Whether there is a relationship between CBA § 11(b) and the pension claim at issue here and what the exact nature of that relationship may be are quintessentially issues for the arbitrator to decide. For this reason, I respectfully dissent from Part II.B. of the majority's opinion.